IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARLA GALLAGER** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:19-cv-373** |
| | § | |
| | § | |
| **AMERICAN HERITAGE LIFE** | § | |
| **INSURANCE COMPANY, ALLSTATE** | § | |
| **INSURANCE CO., AND AETNA LIFE** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

INDEX OF PLEADINGS, ANSWERS TO PLEADINGS,
PROCESS, AND ORDERS FROM STATE COURT ACTION

The following is an index of the pleadings, process, and orders entered by the state court

in as Cause No. S-19-6003CV-A; *Marla Gallager* v. *American Heritage Life Insurance*

*Company, Allstate Insurance Co., Aetna Life Insurance Company;* 36th Judicial District Court of

San Patricio County, Texas:

**EXHIBIT A**

     **A-1**. Docket Sheet

     **A-2**. Plaintiff's Original Petition and Request for Disclosure

     **A-3**. Plaintiff's First Amended Petition and Request for Disclosure

     **A-4**. Executed Process with Affidavit of Service

     **A-5**. Motion for Non-Suit and Dismissal of Allstate Insurance and American
     Heritage Life Insurance

# CASE SUMMARY
## CASE NO. S-19-6003CV-A



**Exhibit A-1**

| | |
|---|---|
| **MARLA GALLAGER vs. American Heritage Life Insurance Company,Allstate Insurance Co.,Aetna Life Insurance Company** § § § § | Location: **36th District Court** <br> Judicial Officer: **Bauer, Starr Boldrick** <br> Filed on: **10/09/2019** |

---

### CASE INFORMATION

Case Type: **Consumer/Commercial/Debt**

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 11/25/2019 | Proposed Order <br> *Order on Plaintiff's Motion for Nonsuit and Dismissal of Allstate Insurance and American Heritage Life Insurance Only-Placed in Judge's Tray* |
| 11/25/2019 | Motion for Nonsuit <br> Party: Plaintiff GALLAGER, MARLA DENISE |
| 11/05/2019 | **Service by Certified Mail** <br> Aetna Life Insurance Company <br> Served: 11/14/2019 |
| 11/05/2019 | Citation by Certified Mail <br> *ISS TO AETNA LIFE INSURANCE COMPANY-#7019 0140 0000 0025 7521* |
| 10/30/2019 | Request for Issuance |
| 10/30/2019 | Amended Petition <br> *PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION* |
| 10/10/2019 | **Service by Certified Mail** <br> Allstate Insurance Co. <br> Served: 10/15/2019 |
| 10/10/2019 | Citation by Certified Mail <br> *ISSD FOR ALLSTATE INSURANCE CO.-CERT MAIL 7019 0140 0000 0025 7026* |
| 10/10/2019 | **Service by Certified Mail** <br> American Heritage Life Insurance Company <br> Served: 10/15/2019 |
| 10/10/2019 | Citation by Certified Mail <br> *ISSD FOR AMERICAN HERITAGE LIFE INS.- CERT MAIL 7019 0140 0000 0025 7040* |
| 10/09/2019 | Request <br> *san patricio county service request sheet* |
| 10/09/2019 | Original Petition (OCA) <br> *PLAIMTIFF'S ORIGINAL PETITION* |

*Printed on 12/02/2019 at 2:41 PM*



STATE OF TEXAS
COUNTY OF SAN PATRICIO
I, Heather B. Marks, District Clerk San Patricio County, Texas do
hereby certify that the foregoing is a true and correct copy of the
original record now in my lawful custody and possession as appears
of record in the San Patricio County District Court Minutes.

Witness my hand and seal office, This the ___ day of _12_ , 20_19_

Heather B. Marks, DISTRICT CLERK
San Patricio County, Texas
By: _____   Deputy

Exhibit A-2

NO. _____S-19-6003CV-A_____

| | | |
|---|---|---|
| **MARLA GALLAGER** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | San Patricio County - 36th District Court |
| **V.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN HERITAGE LIFE** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ALLSTATE INSURANCE CO.** | § | |
| Defendants. | § | **OF SAN PATRICIO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Marla Gallager, hereinafter called Plaintiff, complaining of and about American Heritage Life Insurance Company and Allstate Insurance Co., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Marla Gallager, is an Individual whose address is 1405 Seville, Portland, Texas 78374.

3.    The last three numbers of Marla Gallager's driver's license number are 913.  The last three numbers of Marla Gallager's social security number are 459.

4.    Defendant American Heritage Life Insurance Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corp Systems, Inc, at 1999 Bryan St. Suite 900

Dallas, Texas 75201, its registered office.  Service of said Defendant as described above can be

Processed On: 10/9/2019 2:55 PM
By:Ruby Rodriguez, Deputy Clerk

Filed 10/9/2019 1:45 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

effected by personal delivery.

5.    Defendant Allstate Insurance Co., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the of the corporation, CT Corp Systems, at 1999 Bryan St. Suite 900

Dallas, Texas 75201.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6.    The subject matter in controversy is within the jurisdictional limits of this court.

7.    Plaintiff seeks:

a.    only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

8.    This court has jurisdiction over Defendant American Heritage Life Insurance Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over American Heritage Life Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.    Furthermore, Plaintiff would show that Defendant American Heritage Life Insurance Company engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and said Defendant committed a tort in whole or in part in Texas.

10.    Defendants supplied Life Insurance coverage to Decedent through his employer in

San Patricio County, Texas

11. This court has jurisdiction over Defendant Allstate Insurance Co., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Allstate Insurance Co. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. Furthermore, Plaintiff would show that Defendant Allstate Insurance Co. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and said Defendant committed a tort in whole or in part in Texas.

13. Defendants provided Life Insurance to Decedent through his employer in San Patricio County, Texas

14. Venue in San Patricio County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

## FACTS

15. Defendants provided Life Insurance to Plaintiff's uncle (henceforth "the Decedent"). Upon Decedent's death, Plaintiff sought to collect from the policy. Plaintiff was denied payment in accordance with the term of the Life Insurance Policy. Plaintiff sought counsel and sent a demand letter requesting the funds be sent. After eight months, Defendants refuse to pay Plaintiff in accordance with the policy.

16. Plaintiff has sought said proceeds for more than a year at this point with no

cooperation from Defendants.

17.     Defendants have failed to satisfy their obligations under the terms of the Life Insurance Policy.

## DECEPTIVE TRADE PRACTICES

18.     Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

19.     Unfair Claim Settlement Practices.     Defendants engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

      (a)     misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

      (b)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

      (c)     refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

20.     Unfair and Deceptive Acts or Practices.     Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

      (a)     making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of

a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

21.     Reliance.   Plaintiff would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

22.     Written Notice Given.   Plaintiff has timely notified Defendants of such complaint pursuant to Section 541.154 of the Texas Insurance Code by letter dated September 17, 2018 and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

23.     Plaintiff further shows that Defendants made materially false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

24.     Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

25.     As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## BREACH OF CONTRACT

26.     Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## AGENCY

27.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of American Heritage Life Insurance Company and Allstate Insurance Co., Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

28.     Said Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

29.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of American Heritage Life Insurance Company and Allstate Insurance Co.,  Defendants, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

30.     Defendants American Heritage Life Insurance Company and Allstate Insurance Co. are therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## ECONOMIC AND ACTUAL DAMAGES

31.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a)     Out-of-pocket expenses, including but not limited to fees paid to recover employment and medical documents in support of the present claim.

(b)     Lost profits.

(c)     Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.     Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## REQUEST FOR DISCLOSURES

35.     As provided in Rule 194, Texas Rules of Civil Procedure, Plaintiff requests disclosure of all items listed in Rule 194.2, Texas Rules of Civil Procedure.

## ATTORNEY'S FEES

36.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 541.152(a)(1) of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Marla Gallager, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

GOVELLA LOVEALL

By: /s/ Andrew W. Loveall
Andrew W. Loveall
Texas Bar No. 24063150
Email: andrew@gllawpllc.com
340 S. Commercial Street
Aransas Pass, TX 78336
Tel. (361) 758-9800
Fax. (361) 371-2797
Attorney for Plaintiff Marla Gallager

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Exhibit A-3

NO.  **S-19-6003CV-A**

| | | |
|---|---|---|
| **MARLA GALLAGER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **36**[TH] **JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN HERITAGE LIFE** | § | |
| **INSURANCE COMPANY, ALLSTATE** | § | |
| **INSURANCE CO., AND AETNA LIFE** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendants.** | § | **SAN PATRICIO COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Marla Gallager, hereinafter called Plaintiff, complaining of and about American Heritage Life Insurance Company, Allstate Insurance Co., and Aetna Life Insurance Company, hereinafter called Defendants, and files this Plaintiff's First Amended Original Petition and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Marla Gallager, is an Individual residing in San Patricio County, Texas. The last three numbers of Marla Gallager's driver's license number are 913.  The last three numbers of Marla Gallager's social security number are 459.

3.      Defendant American Heritage Life Insurance Company, a Nonresident Corporation, has been served with process of service pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code.

4.      Defendant Allstate Insurance Co., a Nonresident Corporation, has been served

Filed 10/30/2019 2:07 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code.

5.  Defendant Aetna Life Insurance Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving its registered agent of the corporation, CT Corp Systems, Inc., at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201, its registered office.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6.  The subject matter in controversy is within the jurisdictional limits of this court.

7.  Plaintiff seeks:

a.  only monetary relief of $200,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

8.  This court has jurisdiction over Defendant Aetna Life Insurance Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Aetna Life Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.  Furthermore, Plaintiff would show that Defendant Aetna Life Insurance Company engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and said Defendant committed a tort in whole or in part in Texas.

10.  Defendant Aetna Life Insurance Company provided a supplemental life coverage

to Decedent through his employer in San Patricio County, Texas, effective January 1, 2015. Decedent died on January 2, 2018.

11.     This court has jurisdiction over Defendants because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12.     Furthermore, Plaintiff would show that Defendant Aetna Life Insurance Company engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and said Defendant committed a tort in whole or in part in Texas.

13.     Defendants provided Life Insurance to Decedent through his employer in San Patricio County, Texas

14.     Venue in San Patricio County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

**FACTS**

15.     Defendant Aetna Life Insurance Company provided life insurance to Plaintiff's brother (henceforth "the Decedent"). Upon Decedent's death, Plaintiff sought to collect from the policy. Plaintiff was denied payment in accordance with the term of the Life Insurance Policy. Plaintiff sought counsel and sent a demand letter requesting the funds be sent. After twenty months, Defendants refuse to pay Plaintiff in accordance with the policy.

16.     Plaintiff has sought said proceeds for more than a year at this point with no

cooperation from Defendants.

17.     Defendants have failed to satisfy their obligations under the terms of the Life Insurance Policy.

## DECEPTIVE TRADE PRACTICES

18.     Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

19.     Unfair Claim Settlement Practices.    Defendants engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a)     misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(b)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

(c)     refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

20.     Unfair and Deceptive Acts or Practices.    Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

(a)     making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of

a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

21.   Reliance.   Plaintiff would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

22.   Written Notice Given.   Plaintiff has timely notified Defendants of such complaint pursuant to Section 541.154 of the Texas Insurance Code by letter dated September 17, 2018 and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

23.   Plaintiff further shows that Defendants made materially false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to her detriment.

24.   Plaintiff would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

25.   As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## BREACH OF CONTRACT

26.     Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## AGENCY

27.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of American Heritage Life Insurance Company, Allstate Insurance Co., and Aetna Life Insurance Company, Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

28.     Said Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

29.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of American Heritage Life Insurance Company, Allstate Insurance Co., and Aetna Life Insurance Company, Defendants, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

30.     Defendants American Heritage Life Insurance Company, Allstate Insurance Co., and Aetna Life Insurance Company, are therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## ECONOMIC AND ACTUAL DAMAGES

31.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

(a)     Out-of-pocket expenses, including but not limited to fees paid to recover employment and medical documents in support of the present claim.

(b)     Lost profits.

(c)     Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

32.     Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

33.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

34.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## REQUEST FOR DISCLOSURES

35.     As provided in Rule 194, Texas Rules of Civil Procedure, Plaintiff requests disclosure of all items listed in Rule 194.2, Texas Rules of Civil Procedure.

## ATTORNEY'S FEES

36.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 541.152(a)(1) of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Marla Gallager, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

GOVELLA LOVEALL PLLC

By: /s/ Andrew W. Loveall
      Andrew W. Loveall
      Texas Bar No. 24063150
      Email:  andrew@gllawpllc.com
      340 S. Commercial Street
      Aransas Pass, TX 78336
      Tel. (361) 758-9800; Fax. (361) 371-2797
      Attorney for Plaintiff Marla Gallager

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the party(ies) in the manner indicated below, *or* electronically through www.eFile.txcourts.gov using a certified electronic service provider, if the court allows electronic filing and the party being served has consented to electronic service with the party's electronic service provider, in accordance with the Texas Rules of Civil Procedure on October 30, 2019.

Karen.Millard@allstate.com
Representative for Allstate and American Heritage Life

Andrew W. Loveall
Attorney for Plaintiff

SAN PATRICIO COUNTY SERVICE REQUEST SHEET

Exhibit A-4

CAUSE NUMBER: S-19-6003CV-A    DATE: 10/30/19

STYLE OF CASE: Marla Gallager vs. Aetna Life Insurance Co., etal

***REQUIRED***

NAME OF DOCUMENT TO BE ATTACHED TO ISSUANCE

Plantiff's First Amended Original Petition

TYPE OF ISSUANCE ($8 FEE PER ISSUANCE )

(X) CITATION          ( ) PRECEPT          ( ) SUBPOENA (USE SUBPOENA FORM)

( ) TEMPORARY RESTRAINING ORDER          ( ) WRIT OF _____

( ) ABSTRACT JUDGMENT          ( ) OTHER _____

***COPIES TO ATTACH TO YOUR ISSUACE ARE $1 PER PAGE***

NAME OF PARTY TO BE SERVED

1.   NAME: Aetna Life Insurance Company
     c/o CT Corp Systems Inc.
     ADDRESS: 1999 Bryan Street, Ste. 900
     CITY, STATE, ZIP: Dallas TX  75201

2.   NAME: _____

     ADDRESS: _____

     CITY, STATE, ZIP: _____

SERVICE TYPE (FEE IS PER ISSUANCE)

( ) SAN PATRICIO CO SHERIFF ($90)          (X) SERVICE BY CERTIFIED MAIL ($90)

( ) CITATION BY PUBLICATION ($90)  DOES NOT INCLUDE PUBLICATION FEES TO BE PAID TO
    PUBLICATION

( ) PRIVATE PROCESS SERVER _____

REQUESTOR:
NAME: Andrew Loveall          PHONE: 361-74...

Filed 10/30/2019 2:07 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 10/31/2019 11:47 AM
By:Melinda Barrientes, Deputy Clerk

HEATHER B. MARKS
SAN PATRICIO DISTRICT CLERK
P.O. BOX 1084
SINTON, TX 78387



ANDREW W. LOVEALL
GOVELLA LOVEALL, PLLC
340 S. COMMERCIAL STREET
ARANSAS PASS, TEXAS 78336

## CITATION BY CERTIFIED MAIL



TO:   **AETNA LIFE INSURANCE COMPANY**
**C/O: CT CORP SYSTEMS INC.**
**1999 BRYAN STREET, STE. 900**
**DALLAS, TX 75201**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed in this case on October 30, 2019, numbered **S-19-6003CV-A** on the docket of said **36th District Court**, and styled,

### MARLA GALLAGER
### V.
### AMERICAN HERITAGE LIFE INSURANCE COMPANY, ALLSTATE INSURANCE CO., AND AETNA LIFE INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas this on this the 5th day of November, 2019.

Heather B. Marks, District Clerk
San Patricio County, Texas

By: _____
Melinda Barrientes, Deputy

......................................................................................................................
## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL
Came to hand on the 5th day of November, 2019 at 10:00AM and executed the 5th day of November 2019 by mailing the same to Aetna Life Insurance Company, C/O: CT Corp Systems Inc., Defendant by certified mail, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.

HEATHER B. MARKS, District Clerk
SAN PATRICIO COUNTY

BY: _____
Melinda Barrientes, Deputy

ENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

ETNA Life Insurance Company
lo: CT Corp Systems Inc.
799 Bryan Street Ste. 900
Dallas, TX 75201

9590 9402 4042 8079 1637 58

2. Article Number (Transfer from service label)

7019 0140 0000 0025 7521

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____     ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Kim Hightower        NOV 14   18

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**FILED**

AT _3:56_ PM O'CLOCK

NOV 18 2019

HEATHER B. MARKS, CLERK DISTRICT COURT
SAN PATRICIO COUNTY TEXAS
BY_____ DEP

United States Postal Service • Sender: Please print your name, address, and ZIP+4® in this box•

Heather B. Marks
District Clerk
San Patricio County
P.O. Box 1084
Sinton, TX 78387-1084

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $_____
☐ Return Receipt (electronic)      $_____
☐ Certified Mail Restricted Delivery $_____
☐ Adult Signature Required         $_____
☐ Adult Signature Restricted Delivery $_____

Postmark
Here

Postage
$

Total Postage and Fees
$

C/O: CT Corp
Systems Inc.

Sent To AETNA Life Insurance Company
Street and Apt. No., or PO Box No. 1999 Bryan Street, Ste 900
City, State, ZIP+4 Dallas, Tx 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Exhibit A-5

NO.  S-19-6003CV-A

| | | |
|---|---|---|
| MARLA GALLAGER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | 36th JUDICIAL DISTRICT |
| AMERICAN HERITAGE LIFE | § | |
| INSURANCE COMPANY, ALLSTATE | § | |
| INSURANCE CO. AND AETNA LIFE | § | |
| INSURANCE COMPANY | § | |
| DEFENDANTS. | § | SAN PATRICIO COUNTY, TEXAS |

### MOTION FOR NONSUIT AND DISMISSAL OF DEFENDANTS ALLSTATE INSURANCE CO. AND AMERICAN HERITAGE LIFE INSURANCE COMPANY ONLY

This Motion for Nonsuit and Dismissal of Defendants Allstate Insurance Co. and American Heritage Life Insurance Company, only, is filed by MARLA GALLAGER, Plaintiff, requesting that Defendants Allstate Insurance Co. and American Heritage Life Insurance Company in the above-styled and numbered cause, be dismissed.

Movant asks that the court grant the relief requested.

Respectfully submitted,

GOVELLA LOVEALI PLLC

By: _____
Andrew W. Loveall
State Bar No.  24063150
340 S. Commercial Street
Aransas Pass, TX 78336
Tel: (361) 758-9800
Fax: (361) 371-2797
E-mail:  andrew@gllawpllc.com
Attorney for Plaintiff

Filed 11/25/2019 4:12 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 11/25/2019 4:23 PM
By:Melinda Barrientes, Deputy Clerk